SELLERS, Justice (dissenting).
Barbara Lane, as administrator of the estate of Ora Sullins, deceased, appeals from a summary judgment entered in favor of Main and Associates, Inc., d/b/a Southern Springs Healthcare Facility ("Main and Associates"). For the following reasons, I respectfully dissent from this Court's decision affirming, without an opinion, the summary judgment in favor of Main and Associates.
Lane filed a wrongful-death action under § 6-5-410, Ala. Code 1975, against several defendants, one of which was Main and Associates. Lane did not name Main and Associates as a defendant in her original action. However, she filed an amended complaint substituting Main and Associates as a defendant after the applicable statute of limitations in § 6-5-410(d), Ala. Code 1975, had expired. The circuit court entered a summary judgment in favor of Main and Associates, holding that Lane's amended complaint did not relate back under Rule 15(c), Ala. R. Civ. P., to the date she originally filed her wrongful-death action and that the action as to Main and Associates was, thus, barred by the two-year limitations period set forth in § 6-5-410(d). The controlling issue addressed by the circuit court was whether Main and Associates had been properly served with the amended complaint within the limitations period because the return receipt for the certified mail was signed by someone other than the registered agent for Main and Associates. Lane had requested that the clerk of the circuit court serve the amended complaint by certified mail to Main and Associates' registered agent on file with the Secretary of State's office:
"[Main and Associates]
"C/o Michael O. Emfinger
"103 Beaumont Drive
"Union Springs, AL 36089"
Although the certified mail was addressed to Main and Associates at its registered office as reflected by the Secretary of State's office, the mail was apparently delivered to a post-office box belonging to Main Drug Store. Although Main and Associates and Main Drug Store are separate entities, Benjamin Gordon Main is part owner of Main Drug Store and part owner and chief executive officer of Main and Associates. The return receipt for the certified mail indicates that the mail was signed for and accepted by Dorothy Surles, an 18-year employee of Main Drug Store.
Rule 4(i)(2)(C), Ala. R. Civ. P., provides, in pertinent part:
"Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the *273 addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default."
(Emphasis added.) Both Surles and Benjamin Gordon Main testified in their depositions that Surles had never been authorized to pick up mail or to receive legal documents for Main and Associates. However, it was undisputed that Surles had on at least one previous occasion signed for and accepted certified mail addressed to Main and Associates. Further, Surles had never been disciplined or instructed not to accept certified mail on behalf of Main and Associates. Main candidly testified in his deposition that Main and Associates routinely received certified mail and that in this case, although he received the certified mail containing the amended complaint at some unspecified time, he merely threw the mail in the trash unopened because it was addressed to Michael D. Emfinger, who had been dead for approximately nine years. In fact, Main stated that it was his habit to throw away all mail received by Main and Associates that was addressed to Emfinger. Main further testified in his deposition that, although he had instructed the chief operating officer of Main and Associates to update the company's "records" with the Secretary of State, he nonetheless could not state who had been designated as the registered agent for service of process. Pursuant to § 10A-1-5.31, Ala. Code 1975, every corporation doing business in Alabama must maintain with the Alabama Secretary of State a registered agent and a registered address for service of process. In the event a corporation fails to maintain a registered agent as required by statute, § 10A-1-5.35, Ala. Code 1975, provides that
"the entity may be served with process as provided by the Alabama Rules of Civil Procedure and may be served with any other notice or demand required or permitted by law to be served on the entity in a manner similar to the procedure provided by the Alabama Rules of Civil Procedure for the service of process."
Rule 4(c)(6), Ala. R. Civ. P., provides that a corporation may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." The record is clear that, even though the registered agent in this case had been dead for several years, he was still publicly listed as Main and Associates' agent for service of process. It is further undisputed that Surles had on at least one previous occasion signed for and accepted certified mail on behalf of Main and Associates. For these reasons, I conclude that a genuine issue of material fact exists as to whether Surles's acceptance of the certified mail containing the amended complaint was effective. A reasonable person, reviewing the evidence in a light most favorable to Lane, could conclude that the death of the corporation's registered agent, coupled with Surles's actions of signing and accepting certified mail on the corporation's behalf, accomplished service as contemplated by the Alabama Rules of Civil Procedure. Accordingly, I would reverse the summary judgment in favor of Main and Associates.